USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 8/13/09



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| O.W.A., INC., d/b/a OLD WORLD CHRISTMAS, | Civil Action No.: 09-cv:3072 (LAK) |
| Plaintiff, | Hon. Lewis A. Kaplan |
| -against- | |
| UNIQUE TREASURES TRADING LIMITED and TARGET CORPORATION, | |
| Defendants. | |

RECEIVED AUG 11 2009 JUDGE KAPLAN'S CHAMBERS

## STIPULATION FOR PROTECTIVE ORDER

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties and that a protective order pursuant to Fed. R. Civ. P. 26 is appropriate. The parties have agreed to be bound by the terms of this Stipulation for Protective Order and Protective Order ("Protective Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information. The purpose of this Protective Order is to protect the confidentiality of such materials as much as practical during the litigation.

THEREFORE:

### DEFINITIONS

1. The term "Confidential Information" shall mean and include information contained or disclosed in any materials, including documents, portions of documents,

answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, that is deemed to be Confidential Information by any party to which it belongs.

2. The term "materials" shall include, but shall not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes; reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "counsel" shall mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the law firms identified below:

>   Epstein Drangel Bazerman & James, LLP
>
>   Barnes & Thornburg LLP
>
>   Dewey Pegno & Kramarsky LLP

### GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the

producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    a.    Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its counsel, the information constitutes or contains trade secret or other confidential information or the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

    b.    Designation as "CONFIDENTIAL - ATTORNEYS' EYES ONLY": Any party may designate information as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to trade secret or other confidential research, development, financial or other commercial information.

    5.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced shall be considered as "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and shall be treated as such pursuant to the terms of this Protective Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party shall, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking.

    6.    Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a. said deposition or portions thereof shall be designated as containing Confidential Information subject to the provisions of this Protective Order; such designation shall be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party shall have until fifteen (15) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY;" unless otherwise agreed, depositions shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" during the 15-day period following the receipt of the transcript;

b. the disclosing party shall have the right to exclude from attendance at said deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 8 below; and

c. the originals of said deposition transcripts and all copies thereof shall bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing shall be filed under seal, identified as being subject to this Protective Order, and protected from being opened except by order of this Court.

7. All Confidential Information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not be disclosed by the receiving party to anyone other than those persons designated herein and, in any event, shall not be used for any purpose other than in connection with this litigation, unless and

until such designation is removed either by agreement of the parties, or by order of the Court.

8. Access to information designated "CONFIDENTIAL" shall be limited to:
   (a) the parties to this action;
   (b) counsel for the parties to this action;
   (c) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;
   (d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an Agreement to be Bound by Protective Order in the form attached hereto as Exhibit A;
   (e) any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed an Agreement to be Bound by Protective Order in the form attached hereto as Exhibit A;
   (f) stenographers engaged to transcribe depositions conducted in this action;
   (g) the Court and its support personnel;
   (h) these inside counsel: Robin Preble;
   (i) directors, officers, and employees of the parties, and their affiliates, whose duties require them to assist counsel in preparing for trial, including, without limitation, Jeffrey Kwok Yee Shing of Unique Treasures Trading Limited and Jennifer Schumann of Target Corporation;

5

521527v2

9. The parties shall have the right to further designate "CONFIDENTIAL" material as "CONFIDENTIAL – ATTORNEYS' EYES ONLY" subject to the limitations of Paragraph 4(b). Disclosure of materials designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be limited to the persons designated in paragraphs 8(b), (c), (e), (f), (g), (h).

10. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by the producing or disclosing party, and any and all reproductions thereof, shall be retained in the custody of the counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Protective Order may retain custody of copies such as are necessary for their participation in this litigation.

11. If a party files a document containing Confidential information with the Court, it shall do so under seal. Prior to disclosure at trial or a hearing of materials or information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the parties may seek further protections against public disclosure from the Court.

12. At any stage of these proceedings, any party may object to a designation of the materials as Confidential Information. The party objecting to confidentiality shall notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) business days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The materials at issue shall be

treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

13. All Confidential Information shall be held in confidence by those inspecting or receiving it, and shall be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Protective Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

14. No party shall be responsible to another party for disclosure of Confidential Information under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

15. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Protective Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Protective Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify

the designating party in writing of each such disclosure. Counsel for the parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" - SUBJECT TO PROTECTIVE ORDER.

16. Any party that inadvertently produces materials protected by the attorney-client privilege, work product doctrine, or other privilege, doctrine, right, or immunity may obtain the return of those materials by notifying the recipient(s), as soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, and providing a privilege log for the inadvertently produced materials. The recipient(s) shall then gather and return all copies of the privileged material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party.

17. Nothing herein shall prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

18. This Protective Order shall be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Protective Order shall not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

19. Nothing herein shall be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

521527v2

20. Upon final termination of this action, including any and all appeals, counsel for each party shall, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, or excerpts, or shall destroy same at the option of the receiving party, and shall purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Protective Order with respect to all such retained information. Further, attorney work product materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Protective Order with respect to all such retained information.

21. The restrictions and obligations set forth herein shall not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Protective Order; or (d) has come or shall come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

22. The restrictions and obligations herein shall not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession thereof.

23. Transmission by facsimile is acceptable for all notification purposes herein.

24. The Protective Order may be modified by agreement of the parties, subject to approval of the Court.

25. Any party may apply to the Court for a modification of the Protective Order, and nothing in the Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limited confidentiality as may be appropriate.

26. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

Dated: August 5, 2009

**EPSTEIN DRANGEL BAZERMAN & JAMES, LLP**

By: /s/ William C. Wright
Robert L. Epstein (RE 8941)
Jason M. Drangel (JD 7204)
William C. Wright (WW 2213)
60 East 42nd Street, Suite 820
New York, NY 10165
Tel.: (212) 292-5390
Fax: (212) 292-5391

*Attorneys for Plaintiff O.W.A., Inc.*

Dated: August 4, 2009          **BARNES & THORNBURG LLP**

By: *[signature]*
Brittney L. Turner (MN #0319788), *admitted pro hac vice*
100 South Fifth Street
Suite 1100
Minneapolis, MN 55402
T: 612-342-0337
F: 612-333-6798
Email: brittney.turner@BTLaw.com

*In association with*

Dewey Pegno & Kramarsky LLP
Thomas E.L. Dewey
220 East 42nd Street
New York, NY 10017
T: 212-943-9000
Email: tdewey@dpklaw.com

***Attorneys for Defendants Unique Treasures Limited and Target Corporation***

So ordered 8/11/09

*[signature]*
Paul A. Crotty
USDJ
Paul I

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| O.W.A., INC., d/b/a OLD WORLD CHRISTMAS, | Civil Action No.: 09-cv:3072 (LAK) |
| Plaintiff, | Hon. Lewis A. Kaplan |
| -against- | |
| UNIQUE TREASURES TRADING LIMITED and TARGET CORPORATION, | |
| Defendants. | |

**AGREEMENT TO BE BOUND**
**BY PROTECTIVE ORDER**

I, _____, declare and say that:

1. I am employed as _____

by

_____.

2.  I have read the Protective Order entered in _____v.

_____, Case No. _____, and have received a copy of the Protective Order.

3.  I promise that I will use any and all "Confidential" or "Confidential – Attorneys' Eyes Only" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist counsel in the litigation of this matter.

13

521527v2

4. I promise that I will not disclose or discuss such "Confidential" information with anyone other than the persons described in paragraphs 3 and 8 of the Protective Order.

5. I promise that I will not disclose or discuss such "Confidential –Attorneys' Eyes Only" information with anyone other than the persons described in paragraphs 3 and 9 of the Protective Order.

6. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Southern District of New York with respect to enforcement of the Protective Order.

7. I understand that any disclosure or use of "Confidential" or "Confidential –Attorneys' Eyes Only" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date:_____

_____

14

521527v2